Birchard, Judge,
dissenting. The special counts in this case do not show any consideration for the promises which they set forth, and are, therefore, defective. The common counts are good. The verdict is general, and the judgment sought to be reversed isa general one. At common law, such a judgment would be erroneous ; I think it is so under our statute. The act of the 9th March, 1835, (Swan’s Stat., 688,) is relied upon to sustain it. The words are : “ Whenever sufficient appears to sustain the verdict, the judgment shall not be reversed on account of such defective counts.” If the fact, that a verdict was found for the plaintiff, satisfies the words of the statute, and shows that sufficient appears to sustain that verdie't, then my brethren are correct, and I am in error. But, is that the meaning of the law ? If it is, why did not the Legislature say, iu direct terms, that, in all cases, where the declaration contained one good and some bad counts, and the verdict was for the plaintiff, the judgment should be held good ? Why require that sufficient should appear to sustain the verdict, if they meant that the mere verdict appearing, it should sustain itself? Looking at the mischief to be remedied, and the *16 statute together, it appears to me clear that the object of the Legislature was to save those verdicts only, where the record, independent of the verdict, shows the party entitled to recover upon the good counts. This record shows nothing of the kind. No man can tell from it whether the verdict was right or wrong. It does not appear that the jury were in possession of the slightest evidence to sustain the common counts. Nothing that tends to their support appears.